By the Court.
W., as principal, and S. as surety, for value, made and delivered their sealed note, dated November 6, 1876, promising to pay to M. or order $184.80, one year after date with interest at eight per cent, per annum after maturity. This note contained a clause reading thus: “ And it is understood that the liability of neither of us is to be affected by further time being given for payment.” M. sued both makers in December, 1880. S. answered that about November 6, 1877, M., for a valuable consideration, gave W. until November 6, 1878, to pay the note; and that this was done without the knowledge or consent of S. A demurrer to this answer was overruled. A reply denied the agreement set up in the answer. At the trial the only evidence of said agreement was an indorsement on the note reading thus: “ $19.80 — Received on the within note nineteen dollars and eighty cents, one year’s interest from date, November 6, 1877; ” and S.’s testimony that the interest for the first year had been paid in November, 1876, and that he had no knowledge of the extension, and never agreed to it. Finding for the defendant the common pleas gave-judgment in his favor. The district court affirmed the judgment.
*377 Held: This was wrong. By the terms of the note, S. consented to remain liable for such further time for payment as maker and principal should agree upon. Although the word “given” standing alone implies a gift, to so construe it here would make the clause meaningless. We think the intent was to waive the surety’s right to a release. A mere gift of time would not release him. While we do not hold that this stipulation would apply to a second agreement for still further time, a majority of the court decide that it authorized principal and payee to agree upon one extension without affecting the liability of the surety.
Judgments below reversed.
Martin, J., dissents.